THE NEW MARTINSVILLE GROCERY CO., APPELLANT, v.
THE HANNIBAL STORE CO., A PARTNERSHIP, APPELLEE.

(Decided May 10, 1940.)

*Mr. Henry Mozena,* for appellant.
*Messrs. Matz & Matz,* for appellee.

PHILLIPS, J.  Plaintiff, a corporation, obtained a
judgment against defendant, Hannibal Store Com-
pany, a partnership, for $5,462.89 in the Court of Com-
mon Pleas of Monroe county on March 30, 1939. There-
after an execution was issued and a levy duly made on
defendant's property.  Subsequently a receiver was
appointed who sold assets of the partnership to the
amount of $405.15 which was credited on plaintiff's
judgment, leaving a balance of $5,057.74 due and
unpaid.

On hearing on a supplemental petition filed by the
plaintiff in the original action the lower court found
that Charles R. Founds was a member of the defendant
partnership and ordered him made a party to the judg-
ment.  Whereupon plaintiff on November 23, 1939, is-
sued execution and made a levy upon his real estate

known as tracts one and two situated in the town of Baresville in Monroe county.

On the first day of December 1939, Charles R. Founds made demand for homestead exemptions which he asked be set off to him in tract number one. Commissioners duly appointed to appraise the real estate set off as a homestead to him a portion of tract one by metes and bounds, and the sheriff made a levy on the remainder of the real estate owned by the defendant, which was duly returned to the Court of Common Pleas.

An amended motion filed by the plaintiff to vacate, set aside and hold for naught the homestead exemption was overruled, and it is from that order and judgment of the lower court that The New Martinsville Grocery Company appealed to this court on questions of law.

By agreement of counsel for the respective parties the case was tried in the court below upon an agreed statement of facts, which constitutes the bill of exceptions submitted to this court, in which it was agreed that defendant Founds was the owner of the undivided two-thirds interest in tract number one valued at $1,545, and that his wife, Bertha Founds, was the owner of the remaining undivided one-third interest therein, which they as husband and wife living together occupied as a homestead.

It was further agreed that the value of the homestead set off to Charles R. Founds in tract one was $930, and the remainder thereof after the homestead set-off was $100.

Plaintiff contends that the undivided one-third interest of Bertha Founds in tract one was deeded to her by her husband just prior to the commencement of the action in the lower court, and that by reason of such interest Bertha Founds is the owner of a homestead in that property which is not subject to sale; that both husband and wife cannot claim a homestead in the same property, and accordingly Charles R. Founds, her hus-

band, cannot claim a homestead in tract one; and that no homestead can be set off to the husband in this case by metes and bounds, but that the rental value of the property must be appraised and the rental therefrom over and above $100 paid in accordance with the provisions of Section 11735, General Code.

Section 11730, General Code, so far as applicable, provides:

"Husband and wife living together, * * * may hold exempt from sale on judgment or order, a family homestead not exceeding one thousand dollars in value. The husband, or in case of his failure or refusal, the wife may make the demand therefor; but neither can be allowed such demand, if the other has a homestead. * * *"

In Ohio homestead statutes are very liberally construed in favor of the debtor and his family. See 20 Ohio Jurisprudence, 972, Section 5. The well-settled Ohio rule is that a cotenant may claim homestead exemptions in undivided real estate held in cotenancy, especially where the tenants are husband and wife. 20 Ohio Jurisprudence, 994, Section 25.

In the case of *Prosek* v. *Kuchta*, 9 Dec. Rep., 129, 11 W. L. B., 65, the court held that where a husband and wife were tenants in common a homestead exemption may be claimed in the lands held by the husband as a tenant in common with his wife.

In a well-reasoned opinion in the case of *Keys* v. *Young*, 2 N. P., 390, 4 O. D. (N. P.), 113, the court cites numerous authorities in support of this rule, not nceessary to set forth here, but to which the parties to this appeal are respectfully referred.

" 'We see no sufficient reason, even in the absence of statutes directly bearing upon the subject, for holding that a general homestead act does not apply to lands held in cotenancy. The fact that a homestead claim might savor of such an assumption of an exclusive right as is inconsistent with the rights of the other

cotenant, and that the maintenance of such claim might interfere with proceedings for partition, form no very satisfactory reason for denying the exemption. If the rights of the other cotenant are threatened or endangered, he alone should be permitted to call for protection and redress. The law will not sanction any use of the homestead in prejudice of his rights. But as long as his interests are respected, or so nearly respected that he feels no inclination to complain, why should some person having no interest in the cotenancy be allowed to avail himself of the law of cotenancy for his own, and not for a cotenant's gain? The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation.' '' Freeman Cotenancy & Partition, Section 54. Cited with approval in the case of *Hill* v. *Myers,* 46 Ohio St., 183, 19 N. E., 593.

There seems to be no doubt under the facts of this case but that a homestead exemption in tract one may be claimed therein by Charles R. Founds as a tenant in common with his wife, Bertha Founds, and it is clear to us that here Bertha Founds, wife of Charles R. Founds, ''can not be said to be the owner of a homestead. The two together are the owners of a homestead, and it is provided in Section 5436, Revised Statutes [Section 11731, General Code], that husband and wife living together, may claim a homestead exemption. Here they may be then claiming it out of their joint property.'' *Date* v. *Imhof,* 22 C. C. (N. S.), 475, 33 C. D., 681.

It follows therefore that the judge of the lower court arrived at a correct conclusion on this phase of the case, and that the judgment of that court in that respect must be and hereby is affirmed.

Having determined that phase of the case, the question of the manner of setting off the homestead to Charles R. Founds is presented.

From the agreed statement of facts submitted to us we have concluded that it would be impossible to set off to Charles R. Founds a homestead in tract one by metes and bounds, and that therefore the rights of the parties must be worked out under Section 11735, General Code; and we find authority for holding as we do on this proposition.

"When a husband is the owner of a three-eights interest and his wife the owner of a five-eights interest in property from which it is impossible to set off a homestead by metes and bounds, the rights of the parties must be worked out under Section 5439, Revised Statutes [Section 11735, General Code, *et seq.*], the rental value of the property appraised, and if it exceeds one hundred dollars per annum, then three-eights of the excess above that sum will be subject to the demands of the husband's creditors." *Date* v. *Imhof, supra.*

Applying the reasoning in the *Date case,* with the logic of which we are impressed, and which is determinative of both questions presented, to the facts of this case it is apparent that two-thirds of the rental value of tract number one in excess of $100 will be subject to the demands of the plaintiff creditor of Charles R. Founds, and we so hold.

It is obvious that with respect to the manner of setting off the homestead to him we are not in agreement with the finding of the lower court, and accordingly the judgment of that court is modified in accordance with the holding in this opinion in the respects herein indicated, and is affirmed as modified and remanded to the lower court for further proceedings in accordance with law.

*Judgment modified and affirmed as modified and cause remanded.*

NICHOLS, P. J., and CARTER, J., concur.